UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY CARTER, | ) | CASE NO. 5:07 CV 3156 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF CANTON SHERIFF'S | ) | AND ORDER |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On October 15, 2007, *pro se* plaintiff Gary Carter filed this action under 42 U.S.C. § 1983 against the City of Canton, Ohio and Stark County, Ohio. In the complaint, plaintiff alleges he was the victim of an assault by another inmate. He seeks monetary damages.

**Background**

Mr. Carter alleges that on December 26, 2006, he was taken to the Stark County Jail from the Belmont Correctional Institution to attend a court hearing. He states that later in the day of his arrival, he was attacked by a pretrial detainee, Edward Lang, who was awaiting trial on charges that he committed a double homicide. Mr. Carter contends that because of the severity of the charges against Mr. Lang, he should have been isolated from other inmates instead of being housed in the general jail population. Mr. Carter suffered an eye laceration and a broken jaw from the attack. Assault charges were filed by the State of Ohio against Mr. Lang.

As a result of this incident, a separation order was issued by Stark County

Jail Sgt. Myers on January 2, 2007. The following day, January 3, 2007, Mr. Carter was transported to the Canton Municipal Court to provide testimony relative to the assault charges against Mr. Lang. Contrary to the separation order, Mr. Carter was placed in the same transport van with Mr. Lang and was taken up the courtroom on the same elevator as the man against whom he would soon provide testimony. Mr. Carter claims he alerted Canton Police Officers Adams and Biggams and the officers took appropriate action to separate the two inmates for the remainder of the day.

Mr. Carter states that even after the assault, Mr. Lang was kept in the general jail population. On March 8, 2007, Mr. Lang assaulted two Stark County Sheriff's Deputies. Mr. Carter indicates that after two officers were attacked, Mr. Lang was moved to a more isolated part of the jail. Mr. Carter contends his Eighth Amendment rights were violated. He asserts that he should be compensated for his pain and suffering.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams,* 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte,* without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(6th Cir. 1990); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

*Res Judicata*

Mr. Carter admits that this is his second attempt to litigate this matter. On April 9. 2007, he filed Case No. 5:07CV1028 (N.D. Ohio), asserting substantially similar claims based on this same set of facts against the Stark County Sheriff's Department, the City of Canton Police Department, Stark County Chief Deputy Michael A. McDonald and Stark County Sheriff Timothy Swanson. Mr. Carter sought to initiate criminal charges against the individual defendants and indicated his intent to pursue a civil action against the defendants who acted under color of state law. The court liberally construed those allegations as arising under 42 U.S.C. § 1983. The court held that the Stark County Sheriff's Department and the City of Canton Police Department were not *sui juris* but merely sub-units of the local governments they serve. *See Nieves v. City of Cleveland,* 153 Fed. Appx. 349, 2005 WL 2033328 (6th Cir. Aug. 24, 2005); *Jones v. Ptl. D. Marcum*, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075 (S.D. Ohio 1987). *See also Messer v. Rohrer*, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). Again, the court liberally construed those claims as asserted against the City of Canton and Stark County. It was apparent on the face of the complaint, however, that the claims against these defendants was based upon a theory of respondeat superior and they were dismissed, along with the remainder of his claims, pursuant to 28 U.S.C. § 1915(e) on August 3, 2007. Thereafter, Mr. Carter filed the within action against the City of Canton and Stark County based on these same set of facts.

The doctrine of *res judicata* dictates that a final judgment on the merits of a

claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Plaintiff is therefore precluded from litigating this matter for a second time.

*Respondeat Superior*

Moreover, even if this action were not barred by the doctrine of *res judicata*, Mr. Carter's claims against the City of Canton and Stark County would be dismissed for the same reasons they were dismissed in his first action. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can, therefore, be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770,

4

786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Canton or Stark County which may have resulted in the deprivation of a federally protected right of the plaintiff.

## Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: January 24, 2008

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.